STATE OF VERMONT

ENVIRONMENTAL COURT

Town of St. Albans, Plaintiff,

}
v            }
             }  Docket No. 109-7-99 Vtec
             }
John E. McCracken and     }
Marguerite A. McCracken,    }
Defendants.

Decision and Order

The Court ruled in three consolidated cases involving a tractor-trailer and truck service and repair facility operated by Herbert Bartemy on property owned by Defendants John E. McCracken and Marguerite (Peggy) A. McCracken, on Bronson Road in the Town of St. Albans. In Docket No. 109-7-99 Vtec, the Town took enforcement action against Defendant-Appellants for operation of a motor vehicle and equipment sales and service business on their property without a permit. In the other cases, conditional use approval was denied and the notice of violation was upheld.

Defendants are represented by Paul S. Gillies, Esq.; the Town is represented by David A. Barra, Esq.; neighbors Steven and Theresa Shaw entered their appearance and represented themselves. After the decision on the merits of the three cases was issued, the parties were given the opportunity to submit supplemental memoranda regarding the Town= s request for a fine and appropriate injunctive relief in the enforcement case, Docket No. 109-7-99 Vtec. In November, 2000, the Town requested, in addition to the penalties requested in its initial memorandum, a fine because the violation had not ceased since this Court= s decision. In December, 2000, Defendants advised the Court that they had sent their tenant Mr. Bartemy a notice of eviction in late July or early August, and that as of December 4, they had filed an eviction action in Franklin Superior Court.

In the July 2000 Decision and Order, the Court ruled that, under the current zoning bylaws and the zoning bylaws in effect in 1985, the use category A motor vehicle and equipment sales and service business@ is neither a permitted nor a conditional use in the Rural (formerly the Agricultural/Rural) zoning district. Neither the 1982 permit nor the 1985 permit authorized an unlimited expansion of the use on the site within the use category A motor vehicle and equipment sales and service business.@ Rather, those permits authorized a limited continuation of a non-conforming use.

In the present case, the Court concluded that Defendants had the right to continue the non-conforming uses allowed by their 1985 approval, under the conditions imposed in that approval, but not to expand those uses. Further, by discontinuing some of those uses for more than 18 months as of the end of March, 1990, they forfeited the right to continue them. As of that date, Defendants only retained the right to continue to use the barn for storage of automobiles and boats in connection with their other businesses, and to sell used cars from the barn once or twice a month. They did not have the right to expand the uses to repair tractor-trailers or other large transport vehicles, and did not have the right to use the property outside the barn as a salvage yard. Defendants= 1992 building permit to A gut, insulate and re-side the barn@ did not authorize any expansion in the uses of the building.

In May of 1998, Defendants leased the property to Herbert Bartemy, a milk hauler, who conducts a commercial business for the repair and servicing of transport trucks, including tractor-trailer rigs, at the property. Work is done on Mr. Bartemy= s own trucks and tractor-trailers, and those used

in Defendants= various off-site businesses, including Defendants= personal vehicles, livestock hauling vehicles, automobile transport vehicles, limousine, and the automobiles offered for sale in the used car sales business. Mr. McCracken believed he owned a A commercial@ piece of property until the zoning designation of the property was questioned in the November 1998 permit proceedings; in fact, the zone had never been changed to Commercial.

Mr. Bartemy= s 1998 application for A conditional use approval for a commercial [use]- servicing of transport trucks@ was denied on February 11, 1999 because it is not a permitted or conditional use in the commercial zoning district.

On April 6, 1999, the Town sent Defendants a Notice of Violation directing them to cease the current impermissible use of the property, resulting in the litigation in Docket Nos. 117-7-99 Vtec and 129-7-99 Vtec. The Court= s order finding them in violation was issued on July 14, 2000 and was not appealed.

In late July or early August, 2000, Defendants sent their tenant Mr. Bartemy a notice of eviction, but did not follow it with an eviction action in Franklin Superior Court until December 4, 2000. They stated as of August 15, 2000 that the Bartemy business would be closed by October 1, 2000, but it had not been closed by mid-October, when the Shaws reported that fact to the Court, nor by the Town= s mid-November penalty memorandum. Defendants stated in December that they would report to the Court regarding the progress of the eviction action, but have not reported any progress to date.

In their December 2000 memorandum, Defendants requested recognition of their good faith attempts to convert the building to an allowed use. However much those attempts may have been in good faith, they appear to have been singularly slow and ineffective. Defendants do not state that they have withdrawn their trucks and equipment from Mr. Bartemy= s business, have not explained the delay between their August notice of eviction and their December filing of the eviction action, nor given any reason why that eviction action has not gone forward. They do not appear to have requested any special assignment of judges or other expedited treatment to the eviction action.

Based on this sequence of events, the Court concludes, and it is hereby ORDERED and ADJUDGED, that an injunction is warranted, and that a structured penalty is warranted as follows:

(1) Defendants shall immediately cease and terminate the use of the property for the repair and servicing of transport trucks, including the tractor segment and the trailer segment of tractor-trailers. Defendants shall make every effort to pursue their eviction action to that end, and shall immediately withdraw any of their own vehicles from Mr. Bartemy= s business. We note that V.R.C.P. 70 may be available if Defendants fail to carry out the provisions of the July 14, 2000 order and this order.

(2) For the period from seven days after the April 6, 1999 Notice of Violation to the date of the July 14, 2000 Court Order, a period of 458 days, Defendants shall pay a penalty of $10 per day in recognition of the Town= s expenses in pursuing enforcement to that date, and in recognition of Defendants= former expectation that they had a legitimate pre-existing commercial use, and their legitimate efforts under the law to challenge the notice of violation;

(3) For the period from the July 14, 2000 Court Order to the filing of the eviction action on December 4, 2000, a period of 141 days, Defendants shall pay a penalty of $20 per day in recognition of Defendants= prompt notification of eviction but delay thereafter in seeking to achieve compliance with the Court Order.

(4) For the period from January 2, 2001 (when the answer would have been due in the eviction action, allowing for service and for the holiday season) to the date of the present order, a period of 111 days, Defendants shall pay a penalty of $30 per day in recognition of Defendants= apparent lack of pursuit of the eviction action;

(5) For the period from fourteen days after the present order to the date the property comes into compliance, Defendants shall pay an additional penalty of $50 per day, which may be reduced by any moneys expended by Defendants as of and after the date of this order (whether on the eviction action or other necessary efforts to achieve compliance), to achieve compliance with the July 14, 2000 Court Order and the present order.

Within 15 days after the property comes into compliance, Defendants shall report to the Town and request inspection, and shall file with the Court an accounting of the monies due in additional penalties under paragraph (5) above.

Done at Barre, Vermont, this 20th day of April, 2001.


_____
Merideth Wright
Environmental Judge